UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

KENNETH LEE WEBB )
)
v. ) NO. 2:06-CV-115
)
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

MEMORANDUM OPINION

The plaintiff, Kenneth Lee Webb, has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant, Commissioner of Social Security Jo Anne B. Barnhardt, to deny his application for supplemental security income under the Social Security Act.[1] The defendant has also filed a motion for summary judgment.

Mr. Webb was born in 1973 and was 32 years old at the time of his administrative hearing. [Tr. 16, 308-9]. He completed tenth grade and has relevant past work experience as a tree trimmer, carpenter's helper, and lumber stacker. [Tr. 17, 310-11]. Mr. Webb alleges disability as of March 9, 2004, from headaches, lightheadedness, having his face crushed, an inability to focus, neck

---

[1] Although the plaintiff seeks summary judgment on his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income Benefits (SSI), (See plaintiff's memorandum, page 1 [Doc. 12]), the ALJ determined that he was not insured for DIB and treated plaintiff's claim as one for SSI. Plaintiff advances no argument suggesting that he was insured for DIB and the Court will not further consider that issue.

pain, low back pain radiating down his legs, an inability to stand for long periods of time, a loss of hearing in his right ear, nerves, restlessness, numbness in legs and feet, shortness of breath, and sinus cavity infections.  [Tr. 17].

In order to determine whether the claimant is disabled, a five-step evaluation must be performed.  The five-step evaluation requires the following sequential analysis:

> If the claimant is performing substantial gainful work, he is not disabled.
>
> If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found disabled.
>
> If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is presumed disabled without further inquiry.
>
> If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

20 C.F.R. § 416.920

The ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date, thus satisfying the first of the criteria established by 20 C.F.R. § 416.920. The ALJ further found that Mr. Webb had a severe impairment of a history of facial injury with surgery and residual headaches following an altercation with a family member. The ALJ found, however, that the impairment did not remain severe for the required continuous period of not less than 12 months. [Tr. 19-20]. Mr. Webb was, therefore, not disabled because he "did not experience a severe impairment imposing significant work-related limitations for any period of at least 12 continuous months," as required by the Social Security Act. [*Id.*]. Having found that plaintiff had not met his burden of proving disability at step two of the sequential analysis, the ALJ did not consider the remaining steps in the analysis. Mr. Webb requests summary judgment and challenges the ALJ's finding that his impairment did not impose a severe work-related limitation for any period of at least twelve continuous months.

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the

3

Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Webb testified at his administrative hearing held on November 17, 2005. [Tr. 307-22]. He testified of past relevant work experience as a tree trimmer, carpenter's helper, and lumber stacker. [Tr. 310-11]. Mr. Webb stated that he believes he is unable to work now because of headaches, nausea, and blackouts. [Tr. 311]. The headaches occur about three to four times a week and last for a couple of hours to the whole day. [Tr. 311-12]. Mr. Webb testified his pain relates to a facial injury he suffered during a fight with his half brother in January 2004. [Tr. 312, 313]. He underwent several surgeries to repair the damage he sustained. [Tr. 203-04, 211-12]. His eye socket and the roof of his mouth were rebuilt, and plates were put in his cheek. [*Id.*]. Mr. Webb testified he watches television during the day and attends church. [Tr. 313]. He becomes nervous around a lot of people and suffers from "some depression." [Tr. 319].

Dr. Timothy P. Zajonc, who performed Mr. Webb's surgeries, cleared him to

return to work on March 26, 2004. [Tr. 250]. Dr. Zajonc also indicated in October 2004 that Mr. Webb had "recovered well from the time of [his] surgery" and was "overall very well healed." [Tr. 247]. Mr. Webb was having headaches but Dr. Zajonc opined they were not explained by the trauma of his injury alone and seemed to be migrainous in nature. Dr. Zajonc recommended that Mr. Webb be seen by his primary care physician, neurologist or other physician for care for these headaches. [*Id.*]. In July 2004, state agency physician Dr. Frank Johnson reviewed the medical evidence in Mr. Webb's file and concluded that his "injuries have healed so that he can perform work" which included occasionally lifting/carrying 50 pounds, frequently lifting/carrying 25 pounds, standing/walking/sitting for about six hours in an eight-hour workday, and unlimited pushing and/or pulling. [Tr. 264-65]. Finally, during an August 2005 hospital visit for an eye injury unrelated to his previous injuries, Mr. Webb was described as being able to "perform all activities of daily living without assistance." [Tr. 290].

     The plaintiff argues that the ALJ erroneously found that his impairment did not impose significant limits on his ability to perform basic work related activities for at least twelve (12) continuous months. More specifically, Mr. Webb argues that he continued to suffer from headaches, facial pain and pressure and

disequilibrium after Dr. Zajonc released him to return to work which had more than a minimal effect on both the exertional and non-exertional activities of work. Mr. Webb acknowledges that he is required to establish by objective medical evidence that he has a medically determinable physical or mental impairment that could reasonably be expected to produce the alleged symptoms. (See SSR 96-3p).

The record, however, does not support Mr. Webb's argument. In fact, Dr. Zajonc noted that the complaints of Mr. Webb cannot be accounted for by his history of trauma and that the headaches are <u>not</u> related to the trauma suffered by Mr. Webb [Tr. 247-248]. Dr. Zajonc placed no exertional or non-exertional limitations on Mr. Webb as a result of his impairments and released him to return to work on March 26, 2004. [Tr. 250]. Mr. Webb is unable to point to any objective medical evidence to substantiate the existence of any medically determinable impairment that could be expected to produce his alleged symptoms.

Substantial evidence supports the ALJ's finding that Mr. Webb's impairment failed to impose a severe work-related limitation for any period of at least 12 continuous months and, therefore, he is not disabled. Mr. Webb's treating physician thought he could return to work within two months of his injuries. A

state physician found Mr. Webb could perform medium work.[2]  And, Mr. Webb was found to be able to perform all activities of daily living more than 12 months after the date he alleges disability.  Under Social Security guidelines, Mr. Webb is not disabled.

After careful consideration of the entire record of proceedings related to this case, Mr. Webb's motion for summary judgment [Doc. 11] will be denied, the defendant's motion for summary judgment [Doc. 13] will be granted, and this action will be dismissed.

An appropriate order will follow.


ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to 20 C.F.R. § 404.1567 (c), medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."